**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION**

| | |
|---|---|
| JAKEEM EASON, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )   No. 1:23-cv-00142-CDP |
| | ) |
| UNKNOWN SUMMIT, et al., | ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before me on the motion of Plaintiff Jakeem Eason, an inmate at the United States Penitentiary in Marion, Illinois, for leave to proceed in forma pauperis in this action. After reviewing the motion and considering the financial information therein, I have determined to grant the motion, and assess an initial partial filing fee of $1.00. Additionally, I will give Plaintiff the opportunity to file an amended complaint, and will deny without prejudice Plaintiff's motion to appoint counsel.

**28 U.S.C. § 1915(b)(1)**

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, courts must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to his account. 28 U.S.C. § 1915(b)(2). The

agency having custody of the prisoner will forward these monthly payments to the Clerk of Court each time the amount in the account exceeds $10, until the filing fee is fully paid. *Id.*

Plaintiff filed the Complaint and motion for leave to proceed in forma pauperis while he was incarcerated in the Ste. Genevieve Jail. He did not provide an inmate account statement from that institution for the 6-month period immediately preceding the Complaint, as required by 28 U.S.C. § 1915(a)(2). On September 27, 2023, Plaintiff advised he had been moved to the United States Penitentiary in Marion, Illinois. Because Plaintiff no longer resides at the jail, I will not require him to obtain his inmate account statement from that institution. Instead, I will assess an initial partial filing fee of $1.00, an amount that is reasonable based upon the information before me. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the court with a certified copy of his prison account statement, the court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances.").

**Legal Standard on Initial Review**

A district court must review a complaint filed in forma pauperis, and must dismiss it or any portion of it that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B). An action is frivolous if it "lacks an arguable basis in either law or fact." *Neitzke v. Williams*, 490 U.S. 319, 328 (1989). An action fails to state a claim upon which relief may be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

A claim is facially plausible when the plaintiff "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly,* 550 U.S. at 556). Although a plaintiff need

not allege facts in painstaking detail, the facts alleged "must be enough to raise a right to relief above the speculative level." *Twombly,* 550 U.S. at 555. This standard "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal,* 556 U.S. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. Courts must assume the veracity of well-pleaded facts, but need not accept as true "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Id.* at 678 (citing *Twombly,* 550 U.S. at 555).

This Court liberally construes complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). "Liberal construction" means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even *pro se* complaints must allege facts that, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, *Stone*, 364 F.3d at 914-15, nor are they required to interpret procedural rules so as to excuse mistakes by those who proceed without counsel. *See McNeil v. United States,* 508 U.S. 106, 113 (1993).

**The Complaint**

Plaintiff filed the complaint pursuant to 42 U.S.C. § 1983 against kitchen staff member Unknown Summit, medical staff member Melissa Unknown, Staff Sergeant K. Goggins, and Sergeants C. Schmitt and N. Bowling. The events giving rise to Plaintiff's claims occurred while he resided at the Ste. Genevieve County Jail.

Plaintiff names Summit, Goggins, Schmitt, and Melissa Unknown in their individual capacities, but does not specify the capacity in which he names Bowling. Therefore, I presume that Plaintiff names Bowling only in an official capacity. *See Egerdahl v. Hibbing Community College*, 72 F.3d 615, 619 (8th Cir. 1995) ("If a plaintiff's complaint is silent about the capacity in which [he] is suing the defendant, [courts] interpret the complaint as including only official-capacity claims."). Plaintiff alleges as follows.

During dinner on March 6, 2023, Plaintiff chipped a tooth on a foreign object in his food, and told Bowling. Bowling told Plaintiff to "fill out a sick call," and Plaintiff complied. (ECF No. 1 at 5). Plaintiff alleges he was "put on antibiotics and pain meds and was told I will be put on the list to see dentist in two months. (Melissa – Medical Staff)." *Id.*

Plaintiff "waited the two months in pain" from toothaches. *Id.* He does not allege, with any specificity, that he sought treatment during that time. Plaintiff writes:

> After the 2 months I asked why I haven't seen dentist yet. I was told I missed the dentist and will be put on the next list. (C Schmitt.) This happened 2 additional months I filed multiple grievances complaining about my tooth pain and me not going to dentist only response I'm getting is [I'm] getting put on the next list and still has not seen dentist up to this date 8-12-23. My tooth has completely broke off and my gum is raw, I can't eat certain foods due to pain and me not able to chew it. (K. goggin) which is staff sargent hasnt came to talk to me about the situation nor has she showed concern about dentist or my injuries.

*Id.*[1]

Plaintiff seeks $1 million in damages. He seeks no other form of relief. On September 27, 2023, Plaintiff filed a notice of change of address to advise that he had been moved to the U.S. Penitentiary in Marion, Illinois.

## Discussion

---

[1] The text is quoted verbatim without correction of errors.

To state a claim under 42 U.S.C. § 1983, a plaintiff must establish: (1) the violation of a right secured by the Constitution or laws of the United States, and (2) that the alleged deprivation of that right was committed by a person acting under color of state law. In this case, Plaintiff has not alleged, with any specificity, what he believes Summit did to deprive him of a federally-protected right. Therefore, Plaintiff has failed to state a plausible § 1983 claim against Summit.

It appears Plaintiff intends to claim that Bowling, Melissa Unknown, Schmitt, and Goggins deprived him of constitutionally-adequate medical care. If Plaintiff was a convicted and sentenced prisoner at the relevant time, as he avers, such claims would arise under the Eighth Amendment, which requires that inmates be provided with adequate medical care. *See Schaub v. VonWald*, 638 F.3d 905, 914 (8th Cir. 2011).

To establish that a denial of medical care rises to the level of an Eighth Amendment violation, an inmate must show that a defendant acted with deliberate indifference. *Id.* The test for deliberate indifference consists of two prongs. *Id.* First, an inmate must show that he "suffered from an objectively serious medical need." *Id.* Second, an inmate must show that the defendant knew of that serious medical need, but deliberately disregarded it. *Id.* Deliberate disregard is a mental state "equivalent to criminal-law recklessness, which is 'more blameworthy than negligence,' yet less blameworthy than purposely causing or knowingly bringing about a substantial risk of serious harm to the inmate." *Id.* at 914–15 (quoting *Farmer v. Brennan*, 511 U.S. 825, 835, 839–40 (1994)).

In this case, Plaintiff has sufficiently alleged that he had an objectively serious medical need. However, the Complaint does not contain sufficient allegations to state a plausible Eighth Amendment claim against Bowling, Melissa Unknown, Schmitt, and Goggins. Plaintiff alleges Bowling told him to "fill out a sick call," and he alleges that Schmitt and Melissa Unknown told

5

him he would be put on the next list to see a dentist. (ECF No. 1 at 5). While these allegations demonstrate that these defendants actually knew of Plaintiff's serious medical need, they do not show that any of these defendants deliberately disregarded that need. Finally, Plaintiff's allegation that Goggins never came to talk to him fails to establish Goggins's actual knowledge or deliberate disregard. I will give Plaintiff the opportunity to file an amended complaint to cure these deficiencies.

Plaintiff is advised that the amended complaint will replace the original. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms where applicable.").

In the "Caption" section of the complaint form, Plaintiff should write the name of the defendant he intends to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties"). Plaintiff must avoid naming anyone as a defendant unless that person is directly related to his claim. Plaintiff must specify the capacity in which he sues the defendant.

In the "Statement of Claim" section, Plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant. *See* Fed. R. Civ. P. 8(a). Each averment must be simple, concise, and direct. *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). If Plaintiff names a single defendant, he may set forth

6

as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a). If Plaintiff names more than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

It is important that Plaintiff allege facts explaining how the defendant was personally involved in or directly responsible for harming him. *See Madewell v. Roberts,* 909 F.2d 1203, 1208 (8th Cir. 1990). Plaintiff must explain the role of the defendant, so that the defendant will have notice of what he or she is accused of doing or failing to do. *See Topchian v. JPMorgan Chase Bank, N.A.*, 760 F.3d 843, 848 (8th Cir. 2014) (stating that the essential function of a complaint "is to give the opposing party fair notice of the nature and basis or grounds for a claim."). The "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff must avoid attempting to amend a complaint by filing separate documents containing changes he wishes to make to certain parts. Instead, Plaintiff must file a single amended complaint that sets forth his claims for relief. *See Popoalii v. Correctional Medical Services*, 512 F.3d 488, 497 (8th Cir. 2008) (finding that it is appropriate to deny leave to amend a complaint when a proposed amended complaint was not submitted with the motion). The amended complaint will be subject to initial review pursuant to 28 U.S.C. § 1915(e)(2)(B).

Plaintiff has also filed a motion to appoint counsel. An indigent litigant has "neither a constitutional nor a statutory right to appointed counsel in civil cases." *Patterson v. Kelley*, 902 F.3d 845, 850 (8th Cir. 2018) (citing *Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006)). A district court may appoint counsel in a civil case if it is "convinced that an indigent plaintiff has stated a non-frivolous claim . . . and where the nature of the litigation is such that plaintiff as well as the court will benefit from the assistance of counsel." *Id.* (citing *Johnson v.*

*Williams,* 788 F.2d 1319, 1322 (8th Cir. 1986)). When determining whether to appoint counsel for an indigent litigant, a court considers relevant factors such as the factual complexity of the issues, the litigant's ability to investigate the facts and present his or her claims, the existence of conflicting testimony, and the complexity of the legal arguments. *Id.* (citing *Phillips*, 437 F.3d at 794).

In this case, Plaintiff has yet to state a non-frivolous claim. Even if he had so stated, there is no indication that he is incapable of representing himself, and nothing in the instant motion or in the record before me indicates that the factual or legal issues are sufficiently complex to justify the appointment of counsel. However, recognizing that circumstances may change, I will deny the motion for appointment of counsel without prejudice, and will entertain future such motions, if appropriate, as the case progresses.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion seeking leave to commence this action without prepaying fees or costs (ECF No. 3) is **GRANTED**.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Appoint Counsel (ECF No. 4) is **DENIED** without prejudice.

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must pay an initial filing fee of $1.00. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) the statement that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

8

**IT IS FURTHER ORDERED** that, within thirty (30) days of the date of this order, plaintiff must file an amended complaint in accordance with the instructions herein.

**Plaintiff's failure to timely comply with this order may result in the dismissal of this case, without prejudice and without further notice.**

Dated this 17th day of October, 2023.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

9